IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-00814-LTB-MJW

WILLIE RAY HUBBARD,

Petitioner,

v.

C. DANIELS, Warden of U.S.P. Florence, and
HARRELL WATTS, Administrator, National Inmate Appeals,

Respondents.

---

**RECOMMENDATION ON APPLICATION FOR WRIT OF HABEAS CORPUS
PURSUANT TO 28 U.S.C. § 2241**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was referred to the undersigned pursuant to an Order of Reference to United States Magistrate Judge issued by Judge Lewis T. Babcock on May 6, 2011 (Docket No. 17).

The matter is before the court on petitioner's Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed March 30, 2011 (hereinafter "the Petition") (Docket No. 1). On August 4, 2011, this court directed the respondents to show cause why the Petition should not be granted. (Docket No. 21). Respondents timely filed a Response to Order to Show Cause (hereinafter "the Response") on September 14, 2011. (Docket No. 26). The court has carefully considered the Petition and the Response as well as the court's file and applicable Federal Rules of Civil Procedure and

case law.  The court now being fully informed makes the following findings, conclusions, and recommendation that the Petition be denied.

A § 2241 petition must be filed in the district where the prisoner is confined.  28 U.S.C. § 2241(a); Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996).  Here, the petitioner correctly filed the Petition in the District of Colorado, where he was incarcerated at the time of the initial filing.  He is a federal prisoner who was housed in USP Florence in Colorado at the time he initiated this action.  Thereafter, he was transferred from that facility and arrived at USP Big Sandy in Inez, Kentucky, on May 25, 2011.

A § 2241 habeas proceeding is "an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."  McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997) (quoting Preiser v. Rodriguez, 411 U.S. 475, 484 (1973)) (internal quotation marks omitted).  "A motion pursuant to § 2241 generally . . . [includes] such matters as . . . type of detention . . . ."  Hernandez v. Davis, 2008 WL 2955856, at * 7 (D. Colo. July 30, 2008) (quoting Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001)) (internal quotations omitted).  "A[n] [application] under 28 U.S.C. § 2241 attacks the execution of a sentence rather than its validity. . . ."  Bradshaw, 86 F.3d at 166.  The court must construe the Petition liberally because the petitioner is not represented by an attorney.  See Haines v. Kerner, 404 U.S. 519, 520-21 (1972); Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).  However, the court should not act as an advocate for a *pro se* litigant.  See Hall, 935 F.2d at 1110.

Here, petitioner is serving a 120-month sentence for being a felon in possession

of a firearm in violation of 18 U.S.C. § 922(g)(1), which was entered by the United States District Court for the Southern District of Mississippi. According to respondents, if petitioner receives all good conduct time available to him, he is scheduled to be released from the custody of the Bureau of Prisons (hereinafter "BOP") on May 8, 2012 (see Docket No. 26 at 2). However, it is noted in an affidavit from the petitioner's caseworker, which was submitted with the Response, that "[t]he petitioner has recently received an incident report for violation of BOP Code of Conduct 112, Use of Drugs or Alcohol. This report is pending disposition by the institution disciplinary hearing officer. If the [petitioner] is found guilty of the charge, he may receive sanctions to include loss of good conduct time which will affect his release date. That in turn may affect the RRC [residential re-entry center] recommendation and [petitioner's] placement thereto." (Docket No. 26-1 at 2 n.2).

In the Petition, petitioner seeks placement in a halfway house[1] for 90 days more than the 90 to 120 days he has been told he will be given. In 2007, Congress passed the Second Chance Act (hereinafter "SCA") which provides that the Director of the BOP "shall, to the extent practicable, ensure that a prisoner . . . spends a portion of the final months of [a sentence] (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. Such conditions may include a community correction facility." 18 U.S.C. § 3624(c)(1). Prior to the SCA enactment, the statute provided that assignment to a halfway house would not exceed 6 months. Thus, the SCA granted the

---

[1]Halfway houses also are called residential re-entry centers ("RRCs") or community correction centers ("CCCs").

BOP discretion to place soon-to-be-released inmates into halfway houses for longer periods of time.

The BOP is vested with broad authority to determine the length of a prisoner's RRC, but placement must be conducted in a manner consistent with 18 U.S.C. § 3621(b). 18 U.S.C. § 3624(c)(6)(A). Section 3621(b) governs the transfer of inmates to other facilities, including halfway houses:

> The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable, considering-
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence-
>
>> (A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or
>>
>> (B) recommending a type of penal or correctional facility as appropriate; and
>
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

Section 3621(b) also requires a consideration of the education programs completed, counseling completed, Financial Responsibility Plan participation, work

performance, statement by the court that imposed the sentence, and the resources of the facility where Applicant was going to be placed. Placement in a halfway house must also be "determined on an individual basis" and be "of sufficient duration to provide the greatest likelihood of successful reintegration into the community." 18 U.S.C. §§ 3624(c)(6)(B) and (C).

In the instant case, the petitioner claims that the respondents and the Unit Team at Florence all contend that his case was decided on an individual basis, and even if that is correct, 42 U.S.C. § 17541(a), which is part of the SCA, mandates that the BOP create a federal prisoner re-entry initiative that, among other things, provides incentives for prisoners to participate in skills development programs. According to petitioner, section 231 of the SCA provides for consideration for maximum placement in a halfway house for participation in such a program. He contends he successfully participated in and completed such a program without incident, namely, the multi-phase skills development program for the Special Management Unit (hereinafter "SMU"). Although he sought the incentive for that program through the administrative remedy process, 42 U.S.C. § 17541(a) and section 231 were not considered. Respondent Watts said that petitioner's disciplinary history required placement in the SMU, but petitioner asserts that such does not negate the fact that it is a skills development program within the meaning of 42 U.S.C. § 17521(a) and section 231 of the SCA for which maximum halfway house consideration is an incentive and must be considered.

In addition, petitioner asserts that any halfway house placement of six months or less violates due process by running afoul with 18 U.S.C. § 3624(c)(2), which vests the authority to place an inmate in home confinement for the last six months of his

6

sentence. According to petitioner, placement in a halfway house "at the last six months would run afoul with this statute by denying the inmate the opportunity to save his last (6) at home confinement." (Docket No. 1 at 5).

As relief, petitioner requests:

> 1.) . . . that the court remand this back to the BOP [and]/or warden, with instructions to award/consider incentive of some additional halfway house placement pursuant to 42 USC 17541 (a) and Section 231 of the [SCA] for his successful participation and (completion) of the Multi phase S.M.U program. 2.) Applicant ask that the Court instruct B.O.P. to modify any placement of (6) months or less to home confinement to avoid due process issues of running afoul with 2624(c)2.

(Docket No. 1 at 6) (emphasis in original).

In response, the respondents assert the following. Petitioner has been reviewed for halfway house placement, and he was provided with an individualized review of the five factors listed at 18 U.S.C. § 3621(b). Based upon a careful review of the criteria, it was determined that a recommendation for a halfway house placement date on November 14, 2011, was of sufficient duration to assist the petitioner with his re-entry needs including searching for employment and reintegrating into the community. No unusual or extraordinary circumstances justifying placement beyond six months were found. The recommended placement date was also due to his criminal history and public safety concerns. Specifically, it was noted that petitioner's criminal history includes prior convictions for violent and assaultive behavior. In addition, he has a significant disciplinary history, including receipt of over ten incident reports, five of which were for use of drugs/drug items which resulted in his placement in a SMU at USP Florence. At the time the Response was filed, petitioner also had a pending disciplinary hearing for an incident report received on September 6, 2011, charging him with Use of

7

Drugs or Alcohol, and on September 2, 2011, he received another incident report in which he was found to have committed the offense of Giving or Accepting Money Without Authorization for which he was sanctioned to loss of commissary privileges for 30 days. It was determined that if he was referred for a longer halfway house placement, considering his history and characteristics, he would have a low probability of success.

The court finds that petitioner has not alleged that he was not provided with an individualized review of the five factors listed at 18 U.S.C. § 3621(b), and there is no evidence that the BOP failed to evaluate petitioner's placement in accordance with such criteria. (See Resps.' Ex. A, Decl. of Josette Snyder, Docket No. 26-1 at 4-5). Instead, it appears the petitioner's two claims are (1) that he was not considered for maximum placement in a halfway house based upon his participation in the SMU Program as allegedly required by 42 U.S.C. § 17541(a) and section 231 of the SCA and (2) that any halfway house placement of six months or less violates due process by running afoul with 18 U.S.C. § 3624(c)(2), which vests the authority to place an inmate in home confinement for the last six months of his sentence. This court finds that these two claims do not provide a basis for habeas relief in this case.

With respect to the first claim, the court notes that the respondents have submitted a Declaration of Josette Snyder, who is the petitioner's case manager at USP Big Sandy. Included in that Declaration is the following statement concerning the petitioner's assertion regarding the SMU program: "While the Petitioner argues that he has gained certain skills through his completion of the SMU program, it should be noted that the mission of the SMU is to prepare inmates for successful reintegration into a

8

general population institution not to prepare them for placement in a RRC or for successful reintegration into society. . . ." (Docket No. 26-1 at 5, ¶ 14). In fact, a document petitioner submitted with his Petition states as much:

**I.  SMU Goals**:

The SMU program seeks to impart attitudes and skills necessary for inmates to successfully function in general population at other BOP penitentiaries. . . .

(Docket No. 1 at 11). Petitioner has not made any showing that such a program which deals with developing skills to function in a general prison population falls within the purview of a "skills development program" as that term is used in section 17541(2)(A). Section 17541 concerns "[t]he establishment of a Federal prisoner reentry strategy to help prepare prisoners for release and successful reintegration into the community . . . ." 42 U.S.C. § 17541(a)(1). Therefore, petitioner has not shown that the respondents erred by not considering his participation in and completion of the SMU program.

Even assuming the SMU program constitutes such a "skills development program," section 17541(2)(A) does not entitle inmates to maximum RRC placement upon completion of such a program. Mohr v. Batts, 2011 WL 4716244, at *6 (S.D.W.Va. Sept. 13, 2011). That section provides that "[i]ncentives for a prisoner who participates in reentry and skills development programs which may, **at the discretion of the Director**, include–(A) the maximum allowable period in a community confinement facility . . ." 42 U.S.C. § 17541(a)(2) (emphasis added). "The statutory language, however, clearly provides that any incentive is at the discretion of the Director." Mohr, 2001 WL 4716244, at *6. See Richardson v. Director for Fed. Bur. of Prisons, No. 11-

9

1663, 2011 WL 2559423, at *1 (3d Cir. June 29, 2011) ("Although the [SCA] . . . requires the Attorney General and the Director of the Bureau of Prisons to establish incentives for prisoner participating in skills development programs, the statute does not require that any particular incentives be given[.]").

The court further finds no merit to the petitioner's contention that any halfway house placement of six months or less violates due process by running afoul with 18 U.S.C. § 3624(c)(2). That section merely gives the Director of the BOP the discretion or option to place prisoners in home confinement for a certain portion of their final months of their term of imprisonment. It provides that "[t]he authority under this subsection [regarding prerelease custody] may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2). "[N]either a twelve-month RRC placement nor a six-month home confinement placement is required for all inmates who are eligible to be considered for a halfway house placement." Atkins v. Hollingsworth, 2011 WL 4837522, at *2 (D. Colo. Oct. 11, 2011).

**WHEREFORE,** for the foregoing reasons, it is hereby

**RECOMMENDED** that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, filed March 30, 2011, be **denied**.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections**

10

**within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, <u>Thomas v. Arn</u>, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. <u>Makin v. Colorado Dep't of Corrections</u>, 183 F.3d 1205, 1210 (10th Cir. 1999); <u>Talley v. Hesse</u>, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Dated: October 31, 2011

BY THE COURT:

s/ Michael J. Watanabe
United States Magistrate Judge